# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| PHILIP WAYNE TOMLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 10-00120-CG-B |
| ) | |
| TONY PATTERSON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion

## DISCUSSION

The Petitioner Phillip Wayne Tomlin's ("Tomlin") objection fails to raise any issue not previously addressed in the Magistrate's Report and Recommendation. Rather, Tomlin merely rehashes and expands upon arguments previously made. The only noteworthy deviation from Tomlin's previous arguments is with regard to claim twenty-nine, in which Tomlin claims the trial court erred in its instruction to the jury on the statutory elements of the capital offense with which he was charged. The Magistrate Judge recommended that Tomlin's claim be dismissed as procedurally defaulted because the Rule 32 post-conviction petition raising the issue

was not filed in state court within one year of the issuance of the certificate of judgment as required by Alabama Rule of Criminal Procedure 32.2(c).[1] Tomlin objects to the Magistrate Judge's recommendation to dismiss the claim as procedurally defaulted arguing that he can establish cause for his untimeliness in raising the claim and actual prejudice resulting from the default.

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1) (2006). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in a timely and proper manner results in a procedural default of those claims. Id. at 848. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the

---

[1] Alabama Rule of Criminal Procedure 32.2(c) provides in pertinent part:

> Subject to further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala.R.App.P…

Ala.R.Crim.P. 32.2(c) (2002).

claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). In the report and recommendation, the Magistrate Judge explains:

> "Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule'" or that the procedural default was the result of ineffective assistance of counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish "prejudice," the prisoner additionally must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). (emphasis in original). In the absence of a showing of cause and prejudice, the Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38 (1986) (citations omitted).

(Doc. 24 at 179-180).

As evidence of cause, Tomlin argues that the Alabama Court of Criminal Appeals should not have issued the certificate of judgment while his petition for writ of certiorari was pending in the United States Supreme Court. Tomlin relies on Jimenez v. Quarterman, 555 U.S. 113, 129 S. Ct. 681 (2009), which held that "[w]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought habeas relief, the judgment is not yet 'final'" so as to trigger the running of the one-year limitation period for filing federal habeas review until the conclusion of the out-of-time direct appeal or the expiration of the time for seeking certiorari review of that appeal. Id., at 129 S. Ct. 681, 685-686. The holding in this case applies to the commencement of the one-year period for bringing a federal habeas

3

petition, not a Rule 32 post-conviction petition in state court. In the instant case, the Magistrate Judge recommended that the claim be dismissed as procedurally defaulted because Tomlin's Rule 32 post-conviction petition raising the issue was not filed in state court "within one year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P…" as required by Rule 32.2(c). See Ala.R.Crim.P. 32.2(c).

> The Alabama courts consistently have ruled that the triggering date for the running of Rule 32.2(c) time limit is the date the Alabama Court of Criminal Appeals issues a certificate of judgment, except that a timely petition for certiorari in the Alabama Supreme Court will stay the effect of the certificate of judgment until the certiorari is resolved. See Thomas v. State, 893 So.2d 583 (Ala.Crim.App.2002); Wesley v. State, 706 So.2d 855 (Ala.Crim.App. 1997). The reference in Rule 41 of the Alabama Rules of Appellate Procedure to certiorari in the "Supreme Court" necessarily means the Alabama Supreme Court, not the United States Supreme Court. Rule 1 of the Alabama Rules of Appellate Procedure defines the scope of the rules as governing appeals to "the Supreme Court, the Court of Civil Appeals, and the Court of Criminal Appeals," all of which are clearly intended to be a reference to the state appellate courts, as Alabama has no authority to promulgate rules governing appeals in the United States Supreme Court.

Kuenzel v. Allen, 880 F.Supp.2d 1162, 1168 n. 4 (N.D. Ala. 2009).

Thus, under Alabama law, the Rule 32.2(c) time limit begins to run on the date the Alabama Court of Criminal Appeals issues its certificate of judgment, even if the United States Supreme Court denies certiorari on a later date.

After a long and complicated procedural history, Tomlin was convicted of capital murder and sentenced to life imprisonment without the possibility of parole. See Tomlin v. State, 908 So.2d 290 (Ala. Crim. App. 2004). The Alabama Court of Criminal Appeals affirmed Tomlin's conviction and sentence on August 27, 2004.

4

The Alabama Supreme Court denied Tomlin's petition for writ of certiorari on March 18, 2005, and on the same day, the Alabama Court of Criminal Appeals issued a Certificate of Judgment. On January 9, 2006, the United States Supreme Court denied Tomlin's petition for writ of certiorari. See Tomlin v. Alabama, 546 U.S. 1089 (2006). Tomlin raised this claim in his Rule 32 post-conviction petition in state court on January 3, 2007, but the circuit court dismissed the claim because it was not filed before the one-year limitation period under Rule 32.2(c) expired on March 18, 2006.[2] The Alabama Court of Appeals affirmed this ruling. (Doc. 12-10). Tomlin has not established cause of why he did not file his claim within the time limitation mandated by Rule 32.2 by demonstrating an objective external factor that interfered with his ability to comply with the rule or ineffective assistance of counsel.

Because Tomlin has not demonstrated the first prong of the cause or actual prejudice exception, the court will only consider the procedurally defaulted claim if not doing so would result in a fundamental miscarriage of justice. There is no evidence in this case that a miscarriage of justice probably resulted in the conviction of one who is actually innocent. Thus, dismissal of that claim as procedurally defaulted is appropriate.

## CONCLUSION

It is **ORDERED** that habeas corpus petition filed by Philip Wayne Tomlin is hereby **DENIED**. The court further finds that the Petitioner is not entitled to

---

[2] (Doc. 12-4 at 13, 18-25). The circuit court found that three of the five claims raised in Tomlin's Rule 32 petition were time barred and two were without merit. (Doc. 12-10 at 1.2).

issuance of a Certificate of Appealability.

**DONE** and **ORDERED** this 7th day of August, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE