IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP WAYNE TOMLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 10-120-CG-B |
| | ) |
| TONY PATTERSON, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Phillip Wayne Tomlin, proceeding *pro se*, filed a § 2254 habeas petition in which he raised thirty claims challenging his conviction and sentence for the murder of two people on January 2, 1977. (Doc. 1). This Court denied Tomlin habeas relief on all claims. (Doc. 32). Tomlin appealed, and the Eleventh Circuit Court of Appeals vacated this Court's order without prejudice to resolve the issues Tomlin raised in claim 30. (Doc. 40). In its remand order, the Court of Appeals specifically directs this Court "to (1) determine whether the ex post facto issues raised in Tomlin's § 2254 reply brief were properly before the judge; (2) if so, decide those issues; (3) issue a decision on Tomlin's motion to supplement his § 2254 petition; and (4) if the judge grants that motion, decide the ex post facto and due process, fair warning claims raised in Tomlin's proposed supplement." (Doc. 40, pp. 5 – 6). The Court finds it prudent to first determine whether the motion to supplement should be granted.

On March 11, 2010, the Court docketed Tomlin's habeas petition. (Doc. 1). The State filed its response on June 29, 2010 (Docs. 9 – 12), acknowledged this is Tomlin's first habeas petition, and averred it "was timely filed under the statute of limitation of 28 § U.S.C. 2244(d)." (Doc. 9, p. 10). The State further noted in its answer, "Tomlin's claims have been fully exhausted through available state remedies as required by 28 § U.S.C. 2254(b), including presentation to the state court of last resort." (Doc. 9, p. 11). Thus, "Tomlin's claims are ripe for determination by this Court." (Doc. 9, p. 12). Tomlin timely replied on December 3, 2010. (Doc. 19).

After filing his reply but before the magistrate judge issued her report and recommendation, Tomlin filed a motion for leave to file a supplemental pleading. (Doc. 22). In his motion, Tomlin explained that he wished to expand on his legal argument in Claim 30 in light of newly issued case law that is binding in this Circuit and relevant to his case. (Doc. 22 pp. 1 – 3). His motion and proposed supplemental pleading reference the "Billy Joe Magwood Opinions," a series of cases scrutinizing the same capital murder statutes referenced in Tomlin's case, which reached the United States Supreme Court while his petition remained pending.[1] (Doc. 22-1, p. 16).

---

[1] The Supreme Court reversed and remanded Magwood to the Eleventh Circuit Court of Appeals to reconsider his fair-warning claim after concluding that claim was not procedurally barred under the circumstances in that case. Magwood v. Patterson, 561 U.S. 320, 339 (2010). The Court of Appeals also recently decided "[w]here precedent that is binding in this circuit is overturned by an intervening decision of the Supreme Court, we will permit an appellant to raise in a timely fashion thereafter an issue or theory based

2

Magwood murdered the Sheriff of Coffee County, Alabama on March 1, 1979, two years after Tomlin committed his crimes. Magwood v. Culliver, 481 F. Supp. 2d 1262, 1265 (2007). Pursuant to state law at that time, the trial court sentenced him to death by electrocution. Id. In December 2011, the Court of Appeals affirmed the district court's grant of habeas relief, thus vacating Magwood's death sentence after a lengthy appeals process. Magwood v. Warden, Alabama Dep't of Corr., 664 F.3d 1340, 1342, 1349 (11th Cir. 2011). The Court of Appeals determined Magwood's case violated the fair-warning requirement of the Due Process Clause because it lacked aggravating circumstances necessary to support a sentence of death. 664 F.3d at 1347 – 50. Tomlin is sentenced to life without parole under the same capital murder statutes, but he similarly argues he cannot be sentenced pursuant to that statutory scheme absent aggravating circumstances. (Doc. 1, p. 51; Doc. 19-2, pp. 75 – 81). Tomlin brought the Magwood cases to the Court's attention in his motion to supplement, but this Court did not rule on the motion.

In his reply brief and his motion to supplement, Tomlin presented his constitutional claims based on Ex Post Facto Clause and fair warning violations. (Doc. 40, p. 5). District judges must resolve all claims a habeas

---

on that new decision while his direct appeal is still pending in this Court." United States v. Durham, No. 14-12198, 2015 WL 4637900, at *1 (11th Cir. Aug. 5, 2015). Although Durham is not exactly on point, it is analogous as Tomlin sought to expound on his legal theories in Claim 30 after the Supreme Court and Court of Appeals issued new decisions while his petition remained pending.

3

petitioner presents concerning constitutional violations. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992). Because this Court overlooked Tomlin's motion to supplement, the Court of Appeals determined that it violated Clisby, and ordered the Court to further consider the merits of these claims. (Doc. 40, p. 5).

After reviewing the record in this case, the Court of Appeals' remand order, and the recent series of Magwood opinions, the Court finds it necessary to grant the motion to supplement. See also Magwood v. Patterson, 561 U.S. 320, 355, 130 S. Ct. 2788, 2810 (2010) (Kennedy, J., dissenting) ("The Court's new exception will apply not only to death penalty cases like the present one, where the newly raised claim appears arguably meritorious…. It will apply to all federal habeas petitions…"). The motion is therefore **GRANTED (Doc. 22)**, and **the State is ORDERED to respond to the motion no later than THIRTY DAYS (30)** from the date of this order. After receiving the State's response, the Court will take the issues raised in Claim 30 and the motion to supplement under submission in accordance with the Eleventh Circuit's remand order. (Doc. 40, p. 5).

**DONE** and **ORDERED** this 18th day of August, 2015.

/s/Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

4