IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP WAYNE TOMLIN, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL ACTION NO. 10-120-CG-B |
| TONY PATTERSON, Warden, Holman Correctional Facility, | ) |
| Respondent. | ) |

# ORDER

This case is before the Court on Petitioner Phillip Wayne Tomlin's ("Petitioner") motion to reconsider pursuant to FED. R. CIV. P. 59 and 60. (Doc. 55). For the reasons explained below, the Court finds it does not have jurisdiction to consider Petitioner's motion to reconsider. Accordingly, Petitioner's motion will be dismissed.

## I. Procedural Background

Petitioner's original habeas corpus petition raised thirty claims challenging his conviction and sentence for the murder of two people on January 2, 1977. (Doc. 1). This Court previously denied Petitioner habeas relief (Doc. 32) but failed to take into account Petitioner's motion to supplement claim number 30 in light of *Magwood v. Warden, Ala. Dept. of Corrections*, 664 F.3d 1340 (2011). (Doc. 22). Petitioner appealed, and the Eleventh Circuit Court of Appeals vacated this Court's

order without prejudice to resolve the issues Petitioner raised in Claim 30. (Doc. 40). The Court of Appeals specifically directed this Court "to (1) determine whether the ex post facto issues raised in Tomlin's § 2254 reply brief were properly before the judge; (2) if so, decide those issues; (3) issue a decision on Tomlin's motion to supplement his § 2254 petition; and (4) if the judge grants that motion, decide the ex post facto and due process, fair warning claims raised in Tomlin's proposed supplement." (Doc. 40, pp. 5–6). On remand, this Court granted Petitioner's Motion for Supplemental Pleading but denied Petitioner's habeas corpus petition as to his ex post facto and due process, fair-warning claim. Petitioner's current motion seeks reconsideration of his claim pursuant to Rules 59(e) and 60(b).

## II. Analysis

Before the Court can address the merits of Petitioner's motion, the Court must determine whether it has jurisdiction to consider the motion at all. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (Federal courts are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted to ensure greater finality of state and federal court judgments in criminal cases. To that end, AEDPA greatly restricts the filing of second or successive petitions for relief under § 2254 or § 2255. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (without appellate authorization, district court lacks jurisdiction to consider a second or successive petition); 28 U.S.C. § 2244(b)(3)(A). In the § 2254 and § 2255 context, the Court must be wary of an unauthorized attempt at a second

2

or successive petition disguised as a Rule 59(e) or 60(b) motion. The Eleventh Circuit has held that a Rule 60(b) motion is foreclosed if it (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim on the merits." *Williams v. Chatman*, 510 F.3d 1290, 1293–94 (11th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). The use of the term "on the merits" is explained as follows:

> We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Williams*, 510 F.3d at 1294 (quoting *Gonzalez*, 545 U.S. 524 at 532 n. 4). The Eleventh Circuit specifically addressed Rule 60(b) motions in *Williams v. Chatman*, but "the Southern District of Alabama has held that the 'jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions.'" *Williams v. United States*, 2017 WL 3613042, at *2 (S.D. Ala. Aug. 22, 2017) (quoting *Aird v. United States*, 339 F.Supp.2d 1305, 1311 (S.D. Ala. 2004)).

Petitioner's grounds for reconsideration are that this Court was clearly erroneous in its interpretation of the 1975 Alabama Death Penalty Act and the Court failed to address whether the state court's decision is contrary to *Rogers v. Tennessee*, 532 U.S. 451 (2001). Petitioner contends that the Court should interpret the statute to prohibit punishment of life imprisonment without parole in his case and that if the Court properly followed the *Rogers* standard it would conclude that

3

Petitioner was entitled to relief. These arguments clearly go to the merits of Petitioner's ex post facto and due process, fair warning claim. Accordingly, this Court lacks jurisdiction to consider Petitioner's Rule 59(e) and 60(b) motion.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to reconsider pursuant to FED. R. CIV. P. 59 and 60 (Doc. 55), is **DISMISSED**.

**DONE** and **ORDERED** this 4th day of February, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE